## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| LUMICO LIFE INSURANCE COMPANY, | Case No.: 8:25-cv-2828 |
| Plaintiff, | |
| v. | |
| VINCENT MITCHELL, CHANEL MITCHELL, and PERRY ZITKO, | |
| Defendants. | |

## ORIGINAL COMPLAINT

Plaintiff Lumico Life Insurance Company ("Lumico"), by and through its undersigned counsel, hereby files and asserts its Complaint against Vincent Mitchell, Chanel Mitchell, and Perry Zitko (collectively, the "Defendants") and alleges as follows:

## INTRODUCTION

1.     On April 2, 2019, an individual purporting to be Danny Adams (the "Insured") completed a telephonic application for a $500,000 15-year term life insurance policy from Lumico.  The purported Insured named himself as the owner of the policy and his purported grandchild, Defendant Vincent Mitchell ("Vincent"), as the lone beneficiary of the policy.

2.     Based on the information the purported Insured provided in the application and the belief that the Insured was the individual who completed the application, Lumico issued the applied-for policy on the Insured's life.

3.     After Lumico issued the policy, the purported Insured called Lumico on several occasions to make changes to the policy, including adding Defendants Chanel Mitchell ("Chanel") and Perry Zitko ("Perry") as beneficiaries of the policy.

4.     On June 30, 2025, Vincent notified Lumico of the Insured's death and initiated a claim under the policy.

5.     Thereafter, Lumico discovered information indicating that the Insured did not apply for the policy and that Defendants Vincent, Chanel, and Perry procured the policy without the Insured's knowledge or consent to benefit from the Insured's death.

6.     For instance, Lumico discovered the following: (1) the phone number, address, social security number, and email address that the purported Insured provided in the application did not belong to the Insured; (2) the phone that was used to complete the telephonic application belonged to Chanel, not the Insured; (3) the voice of the individual who notified Lumico of the Insured's death (i.e., Vincent) appeared to match the voice of the individual who identified themselves as the Insured to change the address on the policy, while the Insured was still living; (4) although the purported Insured indicated on the application call that Vincent was his

grandchild, (a) Vincent identified himself as the Insured's son when he notified Lumico of the Insured's death and (b) public records indicate that Vincent had no relationship with the Insured, whether by blood or otherwise; and (5) although the purported Insured identified Chanel and Perry as his grandchildren when changing the beneficiary of the policy, upon information and belief, neither Chanel nor Perry are grandchildren of the Insured.

7.       The information that Lumico obtained during its claim evaluation indicates that Defendants procured the policy without the insured's consent, to benefit from the Insured's death, and that the policy lacked an insurable interest at the time it was issued.

8.       Pursuant to Florida law, the policy is void and unenforceable, and the policy's death benefits are not payable to the Defendants.

9.       Lumico therefore seeks a judicial declaration regarding the rights and obligations of Lumico and the Defendants under the subject life insurance policy.

## PARTIES

10.     Lumico is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Armonk, New York. Lumico is a citizen of Missouri and New York within the meaning and intent of 28 U.S.C. § 1332.

11.     Defendant Vincent Mitchell is domiciled at 105 Aria Way Davenport Florida, 33837 and is a citizen of the State of Florida pursuant to 28 U.S.C. § 1332(a).

12.     Defendant Chanel Mitchell is domiciled at 9500 Riverclub Parkway Duluth, Georgia 30097 and is a citizen of the State of Georgia pursuant to 28 U.S.C. § 1332(a).

13.     Defendant Perry Zitko is domiciled at 17352 Million Lakes Court Clermont, Florida 34714 and is a citizen of the State of Florida pursuant to 28 U.S.C. § 1332(a).

## JURISDICTION AND VENUE

14.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between Lumico, a citizen of Missouri and New York, and the Defendants, citizens of Florida and Georgia, and because the amount in controversy exceeds $75,000.

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because, upon information and belief, a substantial part of the events or omissions giving rise to the claim occurred here.

## FACTUAL BACKGROUND

**The Application**

16.     On or about April 2, 2019, an individual purporting to be Danny Adams/the Insured telephonically completed an application with Lumico for a

$500,000 15-year term life insurance policy.  A true and correct copy of the policy, including the application, is attached hereto as **Exhibit A**.[1]

17.    When completing the application, the purported Insured stated, among other things, that: (1) the Insured's home address was 430 Lake Davenport Circle, Davenport, FL 33837; (2) the Insured's phone number was 407-499-1147; (3) the Insured's email address was dannyadamslkq@gmail.com; and (4) Vincent was his grandchild and would be the sole beneficiary of the applied-for policy. *See* Ex. A at 28 and 31.

18.    The purported Insured verbally signed the application.  In doing so, the individual attested that the representations in the application were "true and complete to the best of [his] knowledge and belief" and that "the Company [i.e., Lumico] will have no liability until the policy based upon th[e] application is issued, delivered and accepted by [the Insured.]" *Id.* at 34.

**The Policy**

19.    Based on the information provided in the application and the belief that the Insured completed the application, Lumico issued the policy on April 10, 2019. *Id.* at 3.

---

[1] All personal identifying information has been redacted from the exhibits to this Complaint.

20.    An insurance policy is a legal contract between the insurer and the policy's owner. *Id.* at 7 ("This Policy is a legal contract between You and Us."); *see also id.* at 17 ("You and Your means the Owner of this Policy.").

21.    The policy identified the Insured—i.e., the individual whom Lumico believed it had contracted with—as the "Owner" of the policy. *Id.* at 3.

**Change of Beneficiaries**

22.    On November 29, 2021, the purported Insured called Lumico to change the policy's beneficiary designation(s).

23.    To pass security protocols, the purported Insured provided the Insured's date of birth, the last four digits of the Insured's social security number, and the phone number listed as the Insured's in the application.

24.    After the purported Insured provided the information necessary to pass security protocols, Lumico changed the designated beneficiaries such that the Insured's purported grandchildren, Vincent (30%), Chanel (30%), and Perry (40%) were co-primary beneficiaries of the policy.

**Change of Address**

25.    On September 9, 2022, the purported Insured called Lumico to change the address on file for the policy to 105 Aria Way Davenport FL, 33837.

26.     After the purported Insured provided the information necessary to pass security protocols, Lumico changed the address on file to 105 Aria Way Davenport FL, 33837.

**Claim for Policy Proceeds**

27.     Upon information and belief, the Insured passed away on June 5, 2025.

28.     On or about June 30, 2025, Vincent called Lumico to initiate a claim for the death benefits under the policy.

29.     As part of Lumico's claim evaluation, Lumico obtained and discovered information indicating that the Insured did not apply for the policy, including but not limited to the following: (a) the phone number, email address, address, and social security number that the purported Insured provided in the application do not belong to the Insured; (b) the phone number associated with the phone that the purported Insured used to complete the telephonic application belongs to Chanel; and (c) although the Insured did not live at the address listed in the application or the address that the purported Insured changed the address on record to, *see supra* ¶¶ 25-26, Defendants were associated with every address linked to the policy.

30.     Based on these discrepancies, among others, Lumico reviewed recordings of calls related to the policy, including the following: (a) the purported Insured completing the telephonic application; (b) the purported Insured changing

the address on file for the policy, *see supra* ¶¶ 25-26; and (c) Vincent notifying Lumico of the Insured's death.  *See* ¶ 28.

31.    On review, Lumico discovered that voice of the purported Insured when changing the address on file for the policy, *see* ¶¶ 25-26, sounded the same as the voice of the individual who notified Lumico of the Insured's death.  In other words, it appeared that individual who claimed to be the Insured was the same person who advised Lumico that the Insured had died.

32.    As part of its claim review, Lumico also obtained and reviewed public records regarding the Insured and each of the Defendants.

33.    Based on the call recordings and public records, Lumico discovered that, although the purported Insured represented to Lumico that the Defendants/policy-beneficiaries were his grandchildren, *see supra* ¶ 24, the Defendants did not appear to be the Insured's grandchildren.  In fact, Vincent—the initial 100% beneficiary of the policy—did not appear to have any connection with the Insured, whether by blood or otherwise.

34.    In sum, the information available to Lumico indicated that Defendants, individually or collectively, procured the policy without the Insured's knowledge or consent and lacked an insurable interest in the Insured's life.

## COUNT I
## DECLARATORY JUDGMENT AGAINST DEFENDANTS
## NO VALID POLICY EVER EXISTED

35.     Lumico hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth herein at length.

36.     The Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), permits "any court of the United States, upon the filing of an appropriate pleading, [to] declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

37.     As set forth above, the policy purports to be a contract between Lumico and the Insured.

38.     Upon information and belief, the Insured did not apply for the policy, authorize anyone to apply for the policy on his behalf, or consent to the application or the policy.  Rather, the Insured was unaware of the policy's existence.

39.     Upon information and belief, the Defendants and/or their agents posed as the Insured and provided false information in the application to procure the policy, ensure that the Insured would not discover the policy, and benefit from the Insured's death.

40.     Defendants and/or their agents had no authority or capacity to contract with Lumico on behalf of the Insured, nor did Lumico intend to contract with anyone other than the Insured.

41.     Under Florida law, a life insurance policy is invalid when the applicant lacks an insurable interest in the insured and the insured does not consent in writing to the contract and its terms.  30 Fla. Jur 2d Insurance § 93; *See Roi Thi Do v. Lincoln Benefit Life Co.*, 111 So. 3d 909, 915 (Fla. Dist. Ct. App. 2013).

42.     Defendants contend that they are entitled to payment of the death benefit under the policy, and Lumico contends that the policy is invalid and void as Defendants lacked an insurable interest in the Insured's life at all times. *TTSI Irrevocable Tr. v. ReliaStar Life Ins. Co.*, 60 So. 3d 1148, 1150 (Fla. Dist. Ct. App. 2011) ("Where the owner of an insurance policy lacks an insurable interest in the life of the insured, the policy is *void ab initio* because it is considered a 'wagering contract' and contrary to public policy.").

43.     As a result, there is a current, existing controversy between Lumico, Vincent, Chanel, and Perry regarding whether a valid policy exists and whether any benefits are due to the Defendants.

WHEREFORE, Lumico respectfully requests that this Court enter a judicial declaration that the policy was not valid and is unenforceable, and that the only obligation Lumico may have to Defendants is to tender back any premiums paid on the policy.

**RELIEF REQUESTED**

WHEREFORE, Lumico respectfully requests the entry of an Order by this Court as follows:

A.    Declaring that the policy is *void ab initio* as the policy lacks an insurable interest because the Insured, Danny Adams, neither applied for nor consented to the application for the policy or the issuance of the policy;

B.    Declaring that by tendering to Defendants the premiums paid on the policy, Lumico has fully discharged any obligations it may have had relating to the policy;

C.    Awarding Lumico its costs associated with bringing this lawsuit, as determined by the Court; and

D.    Awarding Lumico any further relief this Court deems appropriate.

Dated: October 15, 2025

Respectfully submitted,

*/s/Traci T. McKee*
Traci T. McKee, Fla. Bar No. 53088
FAEGRE DRINKER BIDDLE & REATH LLP
1500 Jackson Street, Suite 201
Fort Myers, Florida 33901
Tel: 239-286-6900
Fax: 239-244-9053
Traci.McKee@faegredrinker.com

**ATTORNEYS FOR PLAINTIFF**